IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CHOU THAO,<br><br>    Petitioner,<br><br>  vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD LYONS, in his official capacity as Director of U.S. Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement,<br><br>    Respondents. | **0:26-cv-01432-SHL-ECW**<br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation dated February 20, 2026. (ECF 12.) No party has objected to that Report and Recommendation, and it is therefore reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Finding no clear error, and based on all the files, records, and proceedings in the above-captioned matter**, IT IS ORDERED THAT:**

1. The Report and Recommendation [ECF No. 8] is **ADOPTED**.

2. Petitioner Chou Thao's Verified Petitioner for Writ of Habeas Corpus (ECF 1) is **GRANTED**.

3. If Petitioner is being detained outside of Minnesota, Respondents must transport Petitioner to Minnesota and release Petitioner from custody as soon as practicable, and in any event no later than 48 hours after the filing of this Order.

4. If Petitioner is being detained in Minnesota, Respondents must release Petitioner from custody as soon as practicable, and no later than 24 hours from the filing of this Order.

5. Given the weather conditions in Minnesota, Respondents must coordinate with Petitioner's counsel to ensure that upon Petitioner's release, Petitioner is not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

1

6. Respondents must release Petitioner with all personal effects, including his driver's license, passports, or immigration documents, where such documents are not clipped, defaced, or otherwise altered.

7. Respondents are enjoined from imposing any conditions on Petitioner's release other than the conditions in his preexisting Order of Supervision.

8. Respondents are enjoined from re-detaining Petitioner unless and until they comply with all requirements of 8 C.F.R. § 241.13(i)(3). If, after releasing Petitioner, Respondents believe that they are prepared to comply with 8 C.F.R. § 241.13(i)(3), they must contact Petitioner's counsel to schedule the required interview and Petitioner be required to attend the scheduled interview.

9. If Respondents re-detain Petitioner after completing the required process, Respondents must file an update with the Court within 24 hours of re-detention. While this update need not include the exact date and time of Petitioner's removal flight, it must identify the approximate time of Petitioner's removal.

10. Petitioner Chou T. is permitted to move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

11. Within three days of the date of this Order, the Parties shall confirm that Petitioner has been released as required by this Order.

**IT IS SO ORDERED.**

Dated: March 4, 2026.

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE

2